IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE NOVAN, INC., SECURITIES LITIGATION, | ) ) ) ) | 1:17-CV-999 |

**ORDER**

The Recommendation of the United States Magistrate Judge was filed in accordance with 28 U.S.C. § 636(b) and, on November 30, 2018, was served on the parties. Docs. 57, 58. The Lead Plaintiff filed objections to the Recommendation and requested oral argument. Doc. 59.

In his objections, the plaintiff contends that the Magistrate Judge erred in recommending that the complaint be dismissed for failure to state a claim in two ways: one, by overlooking allegations that the defendants publicly described the design of the SB204 trials as excluding patients on other acne medications but later admitted that the design included those patients; and two, by resolving a disputed question of fact as to whether the 302 Trial included patients taking other acne medications. Doc. 59 at 2. The Court has reviewed the motion to dismiss de novo as to these two issues.

To the extent the plaintiff contends that defendant's alleged misstatements on a website directed towards participants, not investors, constitute a Section 11 violation, that is a new argument not made in the plaintiff's brief in opposition to the motion to dismiss. *See* Doc. 52 at 19 (plaintiff's statement that his Section 11 claim "is limited to the untrue

statements in the Offering Documents."). Objections to a Magistrate Judge's recommendation are not a vehicle for raising new arguments never presented to the Magistrate Judge. *Samples v. Ballard*, No. 2:14-CV-15413, 2016 WL 1271508, at *19 n. 22 (S.D.W. Va. Mar. 31, 2016), *aff'd*, 860 F.3d 266 (4th Cir. 2017) (collecting cases). Moreover, a website directed towards study participants is not part of the registration statement, and as such, any misstatements on the website cannot serve as a basis for Section 11 liability. *See* 15 U.S.C. § 77k(a) (defining cause of action as arising when the registration statement contains an untrue statement or material omission); *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1323 (2015) (noting that Section 11 gives "purchasers a right of action against an issuer . . . for material misstatements or omissions in registration statements.") (emphasis added).

To the extent the plaintiff contends that this public statement on the website constitutes a Section 10(b) violation or offers circumstantial evidence to support his Section 10(b) claims, the Court concludes that the lack of specific discussion of the website statement does not undermine the Magistrate Judge's conclusions and analysis. The Magistrate Judge noted the website in her Recommendation, Doc. 57 at 5, and explicitly considered the complaint in its entirety. *Id.* at 12. The fact that she did not discuss these allegations in detail is not surprising, as the plaintiff barely mentioned the website in his initial briefing. *See* Doc. 52 at 6, 12. In any event, similar problems exist with a Section 10(b) claim based on the website statements as exist with the other allegedly false or misleading statements or omissions, Doc. 57 at 20-24, 26-31, and with his allegations as to scienter. *Id.* at 31-33.

The Court further concludes that the Magistrate Judge did not decide a disputed question of material fact. As was appropriate, the Magistrate Judge evaluated whether the factual allegations are plausible and sufficient to state a claim. Her analysis was thorough and careful, and the Court agrees with it.

The Court has otherwise reviewed the Magistrate Judge's report and finds no error. The Court further finds and concludes that oral argument is not necessary.

It is **ORDERED** that the defendants' motions to dismiss, Docs. 47, 50, are **GRANTED**. Judgment will be entered shortly.

This the 28th day of January, 2019.

UNITED STATES DISTRICT JUDGE